UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:12-cr-5-RLY-MGN-01 |
| | ) | |
| PHILLIP JOHN STRUBLE, | ) | |
| | ) | |
| Defendant | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Richard L. Young, U.S. District Court Chief Judge, on March 28, 2012, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on March 20, 2012, and to submit to Chief Judge Young proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e) and (g). An Initial Hearing on the Petition filed on March 20, 2012 (hereinafter "Petition"), was held on March 26, 2012. A Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed on March 28, 2012 (hereinafter "Supplemental Petition"). The Initial Hearing on the Supplemental Petition and disposition proceedings on both petitions were held on March 29, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. The defendant, Phillip John Struble, appeared in person with his appointed counsel, Jerry McGraw. The government appeared by Nicholas Surmacz, Assistant United States Attorney. U.S. Probation appeared by Ross Carothers, who participated in the proceedings.

1

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On March 26, 2012, Jerry McGraw was present for the initial hearing and was appointed by the Court to represent Phillip John Struble regarding the pending Petition.

2. A copy of the Petition was provided to Mr. Struble and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Struble was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Struble was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Struble was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Struble was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Struble had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Chief Judge Young's designation entered on March 28, 2012.

7. Mr. Struble requested a preliminary examination and detention hearing and the same was scheduled for March 29, 2012, at 2:30 p.m.

8. On March 28, 2012 a Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed with the Court.

9. On March 29, 2012, Mr. Struble appeared with CJA counsel, Jerry McGraw, at the scheduled preliminary examination and detention hearings. With the consent of the parties, the Court also conducted an Initial Hearing on the Supplemental Petition.

10. At the conclusion of the Initial Hearing on the Supplemental Petition the defendant by counsel stated his readiness to waive the preliminary examination and detention hearing as to both the Petition and the Supplemental Petition, and proceed with the revocation hearing. Mr. Struble then waived, in writing, the preliminary and detention hearings.

11. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

12. The parties stipulated the following in open Court:

(a) As to Violation Numbers 2 through 10 of the Petition and Violation Numbers 11 through 16 of the Supplemental Petition, the defendant admitted in open Court that he had violated these conditions.

(b) The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would serve three (3) months in the Bureau of Prisons.

(c) Upon completion of his term of imprisonment, Defendant would serve a three (3) month period of house arrest, during which time the defendant would participate in a drug treatment program and would refrain from the use of any alcohol.

(d) Upon completion of the term of house arrest, Defendant would be returned to supervised release under the same terms and conditions originally imposed for the duration of his supervision.

(e) Defendant would be released from custody on today's date and placed on house arrest on March 30, 2012. Defendant would voluntarily surrender upon designation to the Bureau of Prisons.

(f) Defendant would be given credit for the period of time served on house arrest prior to his designation and voluntary surrender to the Bureau of Prisons. The credit for this period of time would be applied to the three (3) month term of house arrest to be served after incarceration with the Bureau of Prisons.

(g) Defendant would also be given credit for the eight (8) days he has been incarcerated since his arrest on the Petition. The credit for this period of time would be applied to the three (3) month term of incarceration in the Bureau of Prisons.

(h) The Government would agree to dismiss Violation No. 1 of the Petition filed on March 20, 2012.

13. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 2 - 10 of the Petition and Violation Numbers 11-16 of the Supplemental Petition. The Court placed Mr. Struble under oath and inquired of him whether he admitted to the specifications alleged in the Petition and the Supplemental Petition. Mr. Struble admitted the violations contained in Violation Numbers 2 through 10 of the Petition and Violation Numbers 11 through 16 of the Supplemental Petition. The Court specifically inquired of Mr. Struble whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Struble that the Court was not bound by any particular plea agreement made

between the United States and Defense Counsel. All of which Mr. Struble answered in the affirmative.

The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 2 through 10 of the Petition and Violation Numbers 11 through 16 of the Supplemental Petition. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| | On March 4, 2012, the offender was arrested and subsequently charged with Operating While Intoxicated (2nd offense) and Driving Under Suspension in Oskaloosa, Iowa. Both are misdemeanor offenses. According to the police report, the offender was stopped for traffic violations and an odor of an alcoholic beverage was detected. The offender admitted to consuming alcohol. The offender failed the field sobriety tests and refused the breath test. |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 4 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."** |
| 5 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | On December 8, 2011, the offender submitted a diluted urine sample that was positive for opiates. Confirmation testing revealed the opiate detected was morphine. On December 12, 2011, the offender left the probation officer a voice message stating he got into a fight with his girlfriend (April Garrett) and subsequently used an illicit drug. Specifically, he stated he consumed three Tylenol #4's. He later stated he got the prescription pills from a friend. Tylenol #4 contains codeine. However, the laboratory |

5

reported the offender's urine sample, which was positive for morphine, contained no codeine.

**6**     **"The defendant shall not leave the judicial district without the written permission of the Court or Probation Officer."**

**7**     **"The defendant shall notify the probation officer ten days prior to any change in residence or employment."**

On October 21, 2011, the offender left the probation officer a telephone voice message advising he was working in northern Indiana, but he left no address or employer information. On October 24, 2011, the probation officer conducted a home visit and the offender's mother-in-law, Kimberly Garrett, stated the offender was working in Michigan. On December 14, 2011, the offender's girlfriend submitted a copy of a payroll check drawn from Ed Koehn Ford, 1159 W. Superior, Wayland, Michigan. The probation officer contacted the dealership and was advised the offender worked their car sales event from October 19 - 29, 2011. The probation officer was also advised the offender was physically present at their store in Wayland in October, and they do not host sales events in Indiana. The offender was not given permission to travel to the Northern District of Indiana or the Western District of Michigan.

On January 24, 2012, the offender met with Supervisory U.S. Probation Officer Jason Nutter, who instructed the offender that travel outside the Southern District of Indiana was prohibited until further notice.

On March 4, 2012, an officer with the Oskaloosa, Iowa, Police Department sent an electronic mail to the U.S. Probation office advising the offender had been arrested for Operating While Intoxicated and Driving Under Suspension. The offender had not been given permission to travel outside the Southern District of Indiana. On March 6, 2012, the offender reported to Iowa Probation & Parole and provided information that he was staying at America's Best Value Inn in Oskaloosa and had been there for two weeks. He reported working in car sales and had been offered a full-time sales position for Carriker Ford Outlet Lot in Oskaloosa.

**8**     **"The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month."**

| | |
|---|---|
| **9** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |

The offender failed to submit monthly supervision reports for October and December, 2011, and January and February 2012.

On February 18, 2012, the probation officer left an appointment notice at the offender's residence. The notice instructed him to report to the probation office in Bloomington on February 21, 2012. The offender called the probation officer later the same day and stated his Jeep Wrangler was being worked on due to a "death wobble" and was unsafe to drive. He was unsure if he could make the appointment on February 21, 2012. The probation officer instructed him to call on February 20, 2012, to advise if he could make the appointment. The offender missed the appointment on February 21, 2012, and failed to call as directed. The probation officer left a telephone message on the offender's cell phone on February 27, 2012, instructing him to contact the probation officer, but got no response. The offender was arrested in Iowa on March 4, 2012, in his Jeep Wrangler.

| | |
|---|---|
| **10** | **"The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision."** |

The offender received an assessment at the Center for Chemical Addictions Treatment (CCAT) in Cincinnati, Ohio, and was instructed to attend group every Tuesday from 5:00 - 6:30 p.m. He missed group on September 20 and September 27, 2011. The counselor stated the offender called on September 20th and said he would be absent because he had "something going on." On September 27th, the offender called the counselor and said he was stuck in traffic. The offender missed group on October 18 and October 25, 2011. On October 18th, he left a message for the probation officer advising he missed group because he had to work. He did not call regarding his absence on October 25th. The probation officer later learned he was in Wayland, Michigan, working a car sales event from October 19 - 29, 2011. The offender only attended group once in November and once in December. He did not attend group in January or February 2012.

| | |
|---|---|
| **11** | **"The defendant shall not commit another federal, state or local crime."** |

| | |
|---|---|
| **12** | **"The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer."** |

On March 14, 2012, at 4:55 a.m., the offender was issued a citation by Cincinnati (Ohio) Police for Operating a Vehicle Without Any Plates and Driving While Suspended. A probation officer located the complaint in the offender's wallet on March 21, 2012. The offender failed to report the police contact to his probation officer and he did not have permission to travel to Ohio.

| | |
|---|---|
| **13** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **14** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."** |
| **15** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On March 6, 2012, the offender submitted a urine sample to the Oskaloosa, Iowa, Probation and Parole Office. The sample was positive for alcohol, opiates, benzodiazepines, and marijuana.

On March 21, 2012, the offender submitted a urine sample that was positive for opiates. At the time of the collection, the offender denied ingesting any narcotics in the past 30 days. On March 22, 2012, the probation officer confronted the offender about the illicit drug detected, and the offender said he obtained an unknown pill from an individual and ingested it. Confirmation testing revealed the offender ingested morphine.

| | |
|---|---|
| **16** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |

On March 13, 2012, the probation officer spoke with the offender by telephone and instructed him to contact the probation officer when he was leaving Iowa and when he returned home (Indiana). On March 14, 2012, the offender was cited for traffic violations in Cincinnati, Ohio. The probation officer received a telephone message on Saturday, March 17, 2012, advising he had been home a couple days and forgot to call the probation officer.

14. Based on the information available to the Court, the Court further finds the following:

    (1) Mr. Struble has a relevant criminal history category of II. *See,* U.S.S.G. §7B1.4(a).

    (2) The most serious grade of violation committed by Mr. Struble constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

    (3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Struble is six (6) to twelve (12) months.

    (4) The appropriate disposition for Mr. Struble's violation of the conditions of supervised release is as follows:

        (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of three (3) months.

        (b) Upon completion of his term of imprisonment, Defendant shall serve three (3) months on house arrest, during which time the defendant shall participate in a drug treatment program and shall refrain from the use of any alcohol.

        (c) Upon completion of the term of house arrest, Defendant shall be returned to supervised release under the same terms and conditions originally imposed for the duration of his supervision.

(d) Defendant shall be released from custody on today's date and placed on house arrest on March 30, 2012. Defendant shall voluntarily surrender upon designation to the Bureau of Prisons.

(e) Defendant shall be given credit for the period of time served on house arrest prior to his designation and voluntary surrender to the Bureau of Prisons. The credit for this period of time shall be applied to the three (3) month term of house arrest to be served after incarceration with the Bureau of Prisons.

(f) Defendant shall also be given credit for the eight (8) days he has been incarcerated since his arrest on the Petition. The credit for this period of time shall be applied to the three (3) month term of incarceration in the Bureau of Prisons.

(g) Violation No. 1 of the Petition filed on March 20, 2012 shall be dismissed on the Government's motion.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 2 through 10 of the Petition and Violation Numbers 11 through 16 of the Supplemental Petition. The defendant's supervised release is hereby **REVOKED,** and Phillip John Struble shall be committed to the Bureau of Prisons to serve a term of imprisonment of three (3) months. Upon completion of his term of imprisonment, Defendant shall serve a three (3) month period of house arrest, during which time the defendant shall participate in a drug treatment program and shall refrain from the use of any alcohol. Upon completion of the term of house arrest, Defendant shall be returned to supervised release under the same terms and conditions previously imposed

for the duration of his supervision period. Defendant shall be released from custody on today's date and placed on  house arrest on March 30, 2012.  Defendant shall voluntarily surrender upon designation to the Bureau of Prisons.

Defendant shall be given credit for the period of time served on house arrest prior to his designation and voluntary surrender to the Bureau of Prisons.  The credit for this period of time shall be applied to the three (3) month term of house arrest to be served after incarceration with the Bureau of Prisons. Defendant shall also be given credit for the eight (8) days he has been incarcerated since his arrest on the Petition.  The credit for this period of time shall be applied to the three (3) month term of incarceration in the Bureau of Prisons. Violation No. 1 of the Petition filed on March 20, 2012 shall be dismissed on the Government's motion.

The Magistrate Judge requests that Ross Carothers, U.S. Probation Officer, prepare for submission to the Honorable Richard L. Young, Chief Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

Counsel for the parties and Mr. Struble stipulated in open court waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72-1 (b), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Struble entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Phillip John Struble's supervised release.

**IT IS SO RECOMMENDED** this 2nd day of April, 2012.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

Nicholas Surmacz
Nicholas.surmacz@usdoj.gov

Jerry McGraw
jerry@jmcgrawlaw.com

U.S. Marshal

U.S. Probation Office