UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:12-cr-0005-RLY-MGN |
| | ) | |
| PHILLIP JOHN STRUBLE, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Richard L. Young on August 2, 2013, designating this Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on June 26, 2013 (Dkt. No. 36) (the "Petition") and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed with the Court on July 24, 2013 (Dkt. No. 39) (the "Supplemental Petition"), and to submit proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).  An Initial Appearance on the Petition and the Supplemental Petition was held on August 7, 2013.  Disposition proceedings were held on August 12, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]  Mr. Struble appeared in person with his appointed counsel, Brian K. Darling.  The government appeared by Nicholas Surmacz, Assistant United States Attorney.  U. S. Probation appeared by Ross Carothers, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* Title 18 U.S.C. §3401(e).

The following procedures occurred in accordance with Rule 32.1 of the Fenderal Rules of Criminal Procedure and 18 U.S.C. ' 3583:

1. On August 7, 2013 Brian K. Darling was present for the initial hearing and was appointed by the Court to represent Mr. Struble regarding the pending Petition and Supplemental Petition.

2. A copy of the Petition and Supplemental Petition was provided to Mr. Struble and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Struble was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petitions.

4. Mr. Struble was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Struble was advised that he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Struble was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Struble had violated an alleged condition or conditions of his supervised release set forth in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Young=s designation.

7. At that time the defendant, by counsel, stated his readiness to waive the preliminary examination and requested a hearing on the Government's Motion for Detention.

Mr. Struble then waived, in writing, the preliminary hearing. The Detention Hearing was scheduled for August 12, 2013 at 3:15 PM.

8. On August 12, 2013, the parties appeared and advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

Mr. Struble, by counsel, stipulated that he committed Violation Numbers 1-10 set forth in the Petition, and Violation Numbers 11-13 set forth in the Supplemental Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |
| 2 | **"The defendant shall not unlawfully possess a controlled substance."** |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."** |
|  | On February 22, 2013, the offender was in an automobile crash in Cincinnati, Ohio. According to the police report, the offender failed to stop at a stop sign and struck a vehicle and several concrete pillars. When officers responded, the offender refused a chemical test. |
|  | On July 25, 2013, as a result of this incident, the offender was convicted of the following offenses in Hamilton County, Ohio Municipal Court: Refusal of a Chemical Test and Reasonable Control. |
| 4 | **"The defendant shall notify the probation officer ten days prior to any change in residence or employment."** |
|  | In March 2013, the offender stated he moved in with his mother at her residence. On June 4, 2013, the probation officer spoke to Charlotte Hastings, who was the landlord for the offender's mother, Vicki Struble. Ms. Hastings reported Vicki Struble moved over two months ago. On June 5, 2013, the probation officer sent an email to the offender requesting his current address. He responded on June 11, 2013, and reported his mother's new address of 1200 Sycamore Estates Dr., Lawrenceburg. The |

-3-

offender failed to notify his probation officer prior to changing his residence.

| | |
|---|---|
| 5 | **"The defendant shall not leave the judicial district without the written permission of the Court or Probation Officer."** |
| 6 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |

On January 22, 2013, the probation officer advised the offender that travel outside of the district was prohibited until his special assessment and substance abuse co pay were paid.

On April 9, 2013, the probation officer received information that the offender was working at Jeff Wyler Chevrolet, 5885 Gender Road, Canal Winchester, Ohio.  The probation officer contacted the U.S. Probation Office in Columbus, Ohio, for assistance.  Probation Officer Matthew Moore made contact with the offender at the car dealership and the offender falsely stated he had permission to be in Ohio. This officer spoke with the offender and instructed him to follow the instructions of probation officer Moore.  Mr. Moore instructed the offender to report to the U.S. Probation Office at 85 Marconi Boulevard, Columbus, Ohio, before 4 p.m. the same day, for a drug screen.  Mr. Struble failed to report as directed.

On April 10, 2013, the probation officer spoke with Tom Alicea at Union Buick GMC, 2301 U.S. Highway 22 West, Union, New Jersey.  He reported Phillip Struble worked at his store from March 27, 2013, to April 1, 2013.  The probation officer sent pictures of the offender to Mr. Alicea via email, and he confirmed Mr. Struble's identity.  The offender did not have permission to travel to New Jersey.

| | |
|---|---|
| 7 | **"The defendant shall report to the probation officer in a manner and frequency as directed by the court or probation officer."** |

On December 12, 2012, the probation officer instructed the offender to mail a monthly supervision report to the officer each month.  The offender only submitted a report for January 2013.

On December 12, 2012, the probation officer instructed the offender to submit a copy of any personal or business checks received as wages.  He has not submitted any verification of employment as of June 20, 2013.

        On April 5, 2013, the probation officer left a voice message instructing the offender to report to the U.S. Probation Office in Indianapolis on April 8, 2013, at 9 a.m.  On April 7, 2013, the offender left a message stating he had no money or transportation to make the appointment the following day.  On April 9, 2013, the probation officer located the offender near Columbus, Ohio.  The probation officer spoke with the offender by telephone and instructed him to report to the U.S. Probation office in Indianapolis the following day at noon.  The offender failed to report as directed and stated he did not have transportation to make the appointment.

**8**      **"The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision."**

        On October 24, 2012, the probation officer instructed the offender (via email) to enroll in substance abuse treatment at the Community Mental Health Center in Lawrenceburg.  On November 19, 2012, the probation officer instructed the offender verbally to schedule drug treatment.  On December 12, 2012, the offender reported he could not get on his girlfriend's insurance plan to pay for substance abuse treatment until after January 1, 2013.  On April 8, 2013, the offender told the probation officer he attended three substance abuse counseling sessions in March 2013.  On May 3, 2013, the probation officer contacted an employee in the records department at the Community Mental Health Center (CMHC) in Lawrenceburg and she advised the offender has not attended treatment there since April 2012.  As of June 20, 2013, the offender has not provided documentation verifying he attended drug treatment as directed.

**9**      **"The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer."**

        On February 22, 2013, the offender was involved in an automobile crash in Cincinnati, Ohio, and charged criminally.  On April 8, 2013, he admitted to the probation officer he failed to report the contact with law enforcement.

| | |
|---|---|
| 10 | **"It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately."** |

As of June 20, 2013, the balance of $100 remains outstanding for the special assessment.

| | |
|---|---|
| 11 | **"The defendant shall not commit another federal, state or local crime."** |

On July 19, 2013, the probation officer located the offender's vehicle in a Chuck E. Cheese's parking lot in Cincinnati, Ohio, across the street from where the offender was working. The offender was then arrested by the Colerain Police Department on outstanding warrants. Mr. Struble's driver's license is currently suspended. The probation officer asked the offender why he drove to work, and he admitted to driving because his girlfriend was late picking him up for work.

| | |
|---|---|
| 12 | **"The defendant shall not leave the judicial district without the written permission of the Court or Probation Officer."** |

| | |
|---|---|
| 13 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |

On January 22, 2013, the probation officer advised the offender that travel outside of the district was prohibited until his special assessment and substance abuse co pay were paid.

On March 7, 2013, the offender submitted a request to travel to Pennsylvania to work at a car sales event. The probation officer denied his request based on pending charges in Cincinnati.

On July 11, 2013, the probation officer conducted a home visit and observed a black 2000 Toyota Celica in the offender's driveway. The offender stated he bought the vehicle for resale and that his girlfriend, April Garrett, flew out of town to get the vehicle and drove it back to their residence. On July 19, 2013, the probation officer contacted Steven A. Gall at Kelly Chevrolet, Inc., in Phoenixville, Pennsylvania. Mr. Gall stated the offender worked at their dealership from April 22 to April 30, 2013, and May 21 to June 4, 2013. The probation officer asked Mr. Gall about the Toyota Celica that was purchased from their dealership, and he stated the offender drove the vehicle home from the dealership.

The Court placed Mr. Struble under oath and directly inquired of Mr. Struble whether he admitted the violations of his supervised release as set forth above. Mr. Struble stated that he admitted the above violations. The Court specifically inquired of Mr. Struble whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Struble that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Struble acknowledged in the affirmative.

Counsel for the parties further stipulated to the following:

1) Mr. Struble has a relevant criminal history category of II, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Struble constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Struble is 4-10 months.

4) The appropriate disposition of the case would be: (a) that Mr. Struble's supervised release should be revoked; (b) that Mr. Struble should be sentenced to a term of imprisonment of seven (7) months with no term of supervised release to follow; (c) the Government withdraws its Motion for Detention; and (d) Mr. Struble shall be allowed to self-surrender to the Bureau of Prisons upon notification of his designation.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the Defendant, Phillip John Struble, violated the specified condition of supervised release as delineated above and in the Petition and Supplement Petition. The Defendant's supervised release is therefore

**REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of seven (7) months, with no term of supervised release to follow.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have ten days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made. The parties however, waived any objections to this Report and Recommendation in open court on August 12, 2013.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Struble's supervised release and imposing a sentence of imprisonment of seven (7) months in the custody of the Attorney General or his designee with no term of supervised release to follow. The Government's oral Motion to Withdraw its Motion for Detention is GRANTED and the Defendant is ordered released from the custody of the U.S. Marshal and shall self-surrender to the Bureau of Prisons upon notification of his designation.

IT IS SO RECOMMENDED this 19th day of August, 2013.

Michael G. Naville, Magistrate Judge
United States District Court
Southern District of Indiana

-9-

Distribution:

All Counsel of Record via CM/ECF

U. S. Probation

U. S. Marshal